UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEITH MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cause No. 1:04-CV-28-TLS |
| ) | |
| JOHN VANNATTA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Request for Certificate of Appealability [DE 35], filed by the Petitioner on April 4, 2005. The Petitioner wishes to appeal an order of this Court on December 17, 2004, denying his Petition seeking relief under 28 U.S.C. § 2254.

Miller is presently serving a sentence arising out of a conviction in Marion Superior Court in 1989. On November 17, 1988, a jury found Miller guilty on eighteen counts, all relating to securities fraud. On July 19, 1989, he was sentenced to 48 years imprisonment.

**STANDARD OF REVIEW**

When filing for a certificate of appealability ("CA"), a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971)); *see also Stuart v. Gagnon*, 837 F.2d 289 (7th Cir. 1987). Congress established this requirement to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot v. Estelle*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show

that the issues presented in his habeas petition are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)); *see also United States ex rel. Calhoun v. Pate*, 341 F.2d 885 (7th Cir. 1965).

Although the Court is aware of the unique challenges facing *pro se* litigants and is generally disposed toward providing a litigant the benefit of the doubt, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), the Court must also insist on compliance with procedural rules to promote our society's shared interest in the uniform administration of justice. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[I]n the long run, experience teaches that strict adherence to procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.") (internal quotations and citation omitted); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced.").

## ANALYSIS

**A.    Review of Order Denying Miller's Petition for a Writ of Habeas Corpus**

To begin, the Court reviews the subject of the Petitioner's Request for Certificate of Appealability, its December 17, 2004, Order denying his Petition for a Writ for Habeas Corpus.

The Court's Order properly stated the legal standard for a habeas petition. "A habeas petitioner may not resort to federal court without first giving the state courts a fair opportunity to address his claims and to correct any error of constitutional magnitude." *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001); *see also O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "To satisfy that requirement, he must present both the operative facts and the legal principles that control each claim

to the state judiciary; otherwise, he will forfeit federal review of the claim." *Wilson*, 243 F.3d at 325. A federal court will consider the merits of a defaulted claim only if the petitioner establishes cause and prejudice to excuse the defaults or shows that the failure to consider his claims on the merits would result in a fundamental miscarriage of justice. *Boerckel*, 526 U.S. at 854.

The Court determined that of all the issues the Petitioner has raised in all of his legal briefs since he was convicted in 1988, only five issues were presented to Indiana appellate courts for review. First, he presented four issues in his direct appeal:

(1) Did the trial court err in trying Miller *in absentia* when he failed to appear for trial?
(2) Did Miller's trial counsel render ineffective assistance when he failed to raise an accountant-client privilege objection to the testimony of witness Wertz?
(3) Did the trial court abuse its discretion when it allowed a prosecution witness to testify concerning uncharged acts of misconduct committed by Miller?
(4) Was Marion County the proper venue for Miller's prosecution for violations of the securities laws?

*See Miller v. State*, 593 N.E.2d 1247, 1248 (Ind. Ct. App. 1992).

Second, during his post-conviction relief proceedings, the Petitioner appealed the Court of Appeals' holding denying his claim of ineffective assistance of counsel at sentencing. Accordingly, the Court found that the Petitioner had procedurally defaulted on all other claims.

Of these five possible grounds for habeas relief, the Court observed that the Petitioner only raised one in his Petition for Writ of Habeas Corpus: his allegation that counsel at sentencing was ineffective. All other possible grounds for federal habeas corpus relief were either (1) procedurally defaulted, or (2) omitted from Miller's Petition.

Finally, the Court held that Miller's allegations that his ineffective assistance of counsel claim was without merit. The Court found that the Indiana Court of Appeals properly applied the *Strickland* test, under which the Petitioner is required to demonstrate both that his counsel's

3

performance was deficient and that this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As that court stated, "there could not be a clearer example of a challenge that is based on a purely strategic decision." *State v. Miller*, 771 N.E.2d 1284, 1289 (Ind. Ct. App. 2002).

**(1)** *Were they defaulted claims?*

The Court will first examine whether "jurists of reason" would find debatable the Court's findings regarding the Petitioner's defaulted claims. The Respondent's Memorandum in Support of Return to Order to Show Cause, filed May 5, 2004, argues that of the five claims listed in his Petition, the Petitioner had procedurally defaulted on all but his argument concerning ineffective assistance of counsel at his sentencing hearing. The Court found likewise in its December 17, 2004, Order.

The Petitioner, in several places, argues vigorously to the contrary. In his Traverse to Return to Order to Show Cause, filed July 19, 2004, the Petitioner stated that "as shown by the enclosed decision of the Indiana Supreme Court, all of Petitioner's claims were in fact presented to the state's highest court for review." (Traverse at 3.)

A review of the record shows that with the exception of petitioner's claims 9 and 10, all of his claims are procedurally defaulted. More specifically, claims 1,2, 4, 5, 6, 7, 8, and 13 were never fairly presented to the state appellate court. Mr. Miller argues that his third ground was raised on direct appeal and in his petition for post conviction relief. However, that claim was not fairly presented in the Petition for Transfer to the Indiana Supreme Court. (Docket entry 13, ex. P.) In *Baldwin v. Reese*, 541 U.S. 27 (2004), the Court held that a state prisoner ordinarily does not "fairly present" a federal claim to a state court if that court must read beyond a petition, a brief, or similar

4

papers to find material that will alert it to the presence of such a claim. *Baldwin,* 541 at 32. The Court in *Baldwin* rejected the argument that because the state supreme court had the opportunity to read the lower court decision all issues had been fairly presented. Here, this claim was not fairly presented to the state supreme court for its consideration.

Mr. Miller's eleventh claim, although raised in the petition for post conviction relief, was not raised on transfer to the state supreme court. Likewise, eight of the nine separate parts of claim twelve was not raised in the petition to transfer. The one part that was mentioned is the same as claim ten. Accordingly, with the exception of claims 9 and 10, Mr. Miller's claims are procedurally defaulted.

**(2)    *Fundamental Justice?***

The respondent argues that a habeas applicant who presents defaulted claims for federal collateral review may only obtain review on the merits of his claims if the applicant establishes cause and prejudice to excuse his defaults or shows that the failure to consider his claims on the merits would result in a fundamental miscarriage of justice. *Coleman v. Thompson* , 501 U.S. 722, 750 (1991). It is clear that relief is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). To show "actual innocence" a petitioner must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. *Id.* Mr. Miller makes no argument to establish cause and prejudice to excuse his defaults, nor does he argue that failure to consider his claims would be a fundamental miscarriage of justice.

(3) *Ineffective Assistance of Counsel*

In his petition, Mr. Miller alleged that counsel at sentencing was ineffective in two ways. First, his counsel remained silent and failed to present mitigating evidence at his sentencing hearing. Second, his counsel failed to argue at his sentencing hearing against substantial factual errors contained in the pre-sentence report. The Indiana Court of Appeals held in its July 30, 2002 order that based on the standard set forth in *Strickland,* Mr. Miller's sentencing counsel was not ineffective for standing mute at the sentencing, nor for not raising errors in the presentence report. The court reasoned that standing mute at the sentencing so that Mr. Miller wouldn't make statements that might harm his appeal was clearly strategy. The court further reasoned that even if the errors in the presentence report were raised by counsel, that Mr. Miller's criminal history was still extensive and he failed to demonstrate that he would have received a lower sentence but for counsels errors.

The Indiana Court of Appeals, using the Strickland test, correctly held that Miller's counsel was not deficient, nor would Miller have been prejudiced even if counsel had been deficient.

**B. Certificate of Appealability**

Mr. Miller's claims are either procedurally defaulted, or are without merit. None of the issues presented to the court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995).

**CONCLUSION**

Accordingly, petitioner's application for a Certificate of Appealability pursuant to Rule 22(b), Federal Rules of Appellate Procedure, is hereby DENIED because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

SO ORDERED on October 4, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT